

## AFFIDAVIT OF SPECIAL AGENT SARAH WHEELDON IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Sarah L. Wheeldon, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed since February 13, 2011. During my career, I have conducted numerous investigations into international terrorism, white collar crime, and child pornography. I am currently assigned to the Lowell Resident Agency out of the Boston Division of the FBI, in which I investigate white collar crimes, as well as the exploitation of children. I have received extensive training in the area of federal criminal and constitutional law and evidence collection. I am a graduate of Rocky Mountain College, where I received my bachelors of science in psychology, and of Montana State University, where I received my master's degree in psychology. Prior to my current employment I was a Licensed Clinical Professional Counselor.

2. I submit this affidavit in support of a criminal complaint charging Thomas CROSS, YOB 1990, of Amesbury, Massachusetts, with one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. On November 15, 2018, at approximately 6:00 a.m., FBI agents executed a search warrant at Thomas CROSS's residence, the first-floor unit of 44 Congress Street, Amesbury, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. CROSS was present and located in his bedroom when agents arrived.

5. CROSS's fiancée and father were also present in the home.

6. During the course of the execution of the search warrant, CROSS agreed to speak with investigators after being advised of and executing a written waiver of his Miranda rights. The conversation was recorded; the statements below are summary in nature unless specifically indicated otherwise.

7. During the course of the interview, CROSS admitted to using Kik. He informed agents that he used an LG G7 phone to access the application. He informed agents that he used Kik to chat with individuals he met on other sites, including Omegle, and that his username was lotsofspoons. CROSS admitted that he used Kik to both distribute and receive child pornography to/from other individuals.

8. CROSS informed agents that he used other applications, including Wickr Me[1] and Telegram,[2] to trade child pornography with other individuals.

9. In the course of the execution of the warrant, agents located and seized several devices, including two cell phones (both LG; one, a model G6 and the other, a model G7), a laptop computer, and a desktop computer.

---

[1] Wickr Me is a free instant messaging application that allows users to exchange end-to-end encrypted and content-expiring messages, including photos, vides, and file attachments.

[2] Telegram is a cloud-based instant messaging and voice over IP service developed by Telegram Messenger LLP, a privately held company registered in the United Kingdom.

2

10. Agents were able to conduct an on-scene forensic preview of the LG G-6 cellular phone. The remaining devices were transported off-scene for processing.

11. During the on-scene forensic preview of the G6 phone, agents observed at least 1,000 files that they believed to contain child pornography. Most of the files appeared to be in the "downloads" folder. The "downloads" folder included two subfolders named "images" and "videos."

12. During the preview, agents also observed evidence of CROSS's use of the messaging applications Telegram and Wickr Me. CROSS identified his user name for Wickr Me and identified at least one specific conversation he had on November 14, 2018 with another user of the application.

13. Examples of files that agents observed on the G6 phone include:

   a. mmg_0357.jpg: This image depicts an adult hand holding open the legs of a female child who appears to be approximately four to seven years old, with an adult penis in close proximity to her naked vagina. A white liquid substance that appears to be ejaculate is visible on the child's pubic area.[3] This file was located within a November 14, 2018 chat between CROSS and another user of Wickr Me. The chat shows that CROSS sent the image to the other user, and the other responded "Mmmm [winking emoji]."

   b. mmg_0412.jpg: This image depicts a female infant, holding a diaper off to the side of her body. Her naked genitalia is the primary focus of the image.[4] This file was located within the same November 14, 2018 chat between CROSS and another

---

[3] This image is available for the Court's review.

[4] This image is available for the Court's review.

3

user of Wickr Me. The chat shows that CROSS received the image and typed in response, "Oh fuck that's so hot."

c. 1536789885095.jpg: This image depicts an infant with an adult hand placing the head of an adult penis into the baby's mouth.[5] This image was located in the "images" folder within the "downloads" folder.

## CONCLUSION

14. Based on all of the foregoing information, I submit that there is probable cause to believe that:

   a. on or about November 14, 2018, CROSS knowingly distributed any child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A);

   b. on or about November 14, 2018, CROSS knowingly received any child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

---

[5] This image is available for the Court's review.

  c. on or about November 15, 2018, CROSS knowingly possessed any material that contained an image of child pornography that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

*[signature]*

Special Agent Sarah L. Wheeldon
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me on November 15, 2018.

*[signature]*

HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

I have reviewed the images referenced in paragraph 13 above, and I find probable cause to believe that the image depicts minors engaged in sexually explicit conduct. The Affiant shall preserve said image for the duration of the pendency of this matter, including any relevant appeal process.

*[signature]*

HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE